IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

vs.

JAMES LATARRO PRICE,

    Defendant.

Cv. No. 03-2285-D/V
Cr. No. 01-20187-D

## ORDER GRANTING UNITED STATES' MOTION FOR CLARIFICATION AND RELIEVING IT OF ANY OBLIGATION TO RESPOND TO TIME-BARRED ISSUES AND ORDER DENYING MOTION TO AMEND

On July 19, 2004, defendant, James Latarro Price, filed an amended § 2255 motion. (Docket entry #7) The pleading was filed after the Court directed the United States to respond to Price's original motion, which was timely filed on April 24, 2003. On August 4, 2004, the United States filed a motion for clarification of its obligation to respond to the amended motion. On August 13, 2004, the United States responded to the motion to vacate.

On October 21, 2004, Defendant filed a two page unsigned amended motion which was duplicative of the pleading filed on July 19, 2004, with the exception that it was missing the signed third page. (Docket entry #12) On November 3, 2004, Defendant filed a motion to amend his pending § 2255 motion based upon the holding of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).[1]

---

[1] The Court also anticipates an additional motion to amend and supplement the petition with the holding of <u>United States v. Booker</u>, 125 S. Ct. 738 (Jan. 12, 2005).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

Price's conviction became final on May 22, 2002, when the time for filing a notice of appeal expired. He filed his motion to vacate on April 24, 2003, and was entitled to amend the motion to raise additional issues until May 22, 2003. The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion. See Anderson v. United States, No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); Oleson v. United States, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001).

However, once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA). Oleson, 2001 WL 1631828 at *3 (citing United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.")).[2]

Price's amended motion filed on July 19, 2004, and the duplicative motion filed on October 21, 2004, raise additional claims. The amended motions are untimely and the issues therein

---

[2] See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15©. . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

2

are barred by the AEDPA statute of limitations. (Docket entries #7 and #12) Accordingly, the motion of the United States for clarification is GRANTED. (Docket entry #9) The United States has no obligation to respond to the time-barred issues.

Furthermore, to the extent defendant seeks to amend and supplement his pending issues to seek relief under the principles enunciated in Blakely v. Washington, 124 S. Ct. 2531 (2004), such amendment would be futile. See Oleson v. United States, 27 Fed. Appx. 566, 570-71 n. 5 (6th Cir. 2001)(holding motions seeking to amend to retroactively apply Apprendi v. New Jersey, 530 U.S. 466 (2000), to initial § 2255 motions futile, because Apprendi was not retroactive in effect and citing United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001)). Price cannot demonstrate that Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

In United States v. Booker, 125 S. Ct. 738 (2005), although the Supreme Court determined that its holding in Blakeley applies to the Sentencing Guidelines, Booker, 125 S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no

3

exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in <u>Humphress v. United States</u>, 398 F.3d 855 (Feb. 25, 2005), that the rule of <u>Booker</u> does not fall within the second exception of <u>Teague</u>. <u>Id.</u> at 863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of <u>Teague</u>). Thus, the Sixth Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in collateral proceedings. <u>Humphress</u>, 398 F.3d at 860.

Accordingly, it would be futile to allow Price to amend or supplement his motion to vacate to seek retroactive application of <u>Blakely</u> or <u>Booker</u>. The motion (Docket entry 13) is hereby DENIED.

IT IS SO ORDERED this 22 day of August, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:03-CV-02285 was distributed by fax, mail, or direct printing on August 26, 2005 to the parties listed.

---

James L. Price
L.S.C.I. Butner
17895-076
P.O. Box 999
Butner, NC 27509--099

Scott F. Leary
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT